IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BARRY TRYNELL DAVIS, JR.,
    Plaintiff,

vs.                                          Case No.:  5:07cv279/RS/EMT

CORRECTIONS CORP. OF AMERICA,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

    This cause is before the court on Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 7).  Leave to proceed in forma pauperis has been granted (Doc. 9).

    Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  The complaint may be dismissed if the facts as plead do not state a claim to relief that is plausible on its face.  *See* Bell Atl. Corp. v. Twombly, No. 05-1126, 2007 WL 1461066, at *10–*11, *14 (May 21, 2007) (retiring the often-criticized "no set of facts" language previously used to describe the motion

to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). Upon review of the complaint, the court concludes that it appears beyond doubt that Plaintiff has failed to state a plausible claim to relief; therefore, dismissal of this action is warranted.

Plaintiff, an inmate of the Florida Department of Corrections (DOC), states that in September of 2006, while he was a pre-trial detainee at the Bay County Jail Annex (Jail), operated by Defendant Corrections Corporation of America (CCA), he slipped and fell due to water on the floor from a leaking toilet (Doc. 7 at 5). Plaintiff was examined by a nurse, who scheduled him for an examination by a doctor (*id*.). One week later, Plaintiff was examined by a doctor, who told him he was relatively certain Plaintiff had a torn rectus femoris (*id*). A nurse wrapped Plaintiff's leg with an Ace bandage and gave him a walking cane (*id*. at 6). The doctor scheduled Plaintiff for an MRI, which Plaintiff received one month later (*id*.). The doctor who performed the MRI confirmed that Plaintiff had a ruptured rectus femoris, and he advised Plaintiff that the injury required surgery (*id*. at 6). Plaintiff was subsequently transferred to the custody of the DOC (*see* Doc. 7 at 2).

Plaintiff claims that the poor conditions at the Jail, specifically, leaking toilets, violated his Eighth Amendment rights (Doc. 7 at 7). As relief, he seeks compensatory damages for the physical and emotional injuries he has suffered as a result of CCA's "negligence" in maintaining their restrooms (*id*.).

The Eighth Amendment requires that, at the minimum, all claims challenging conditions of confinement must demonstrate an infliction of pain "without any penological purpose" or an "unquestioned and serious deprivation of basic human needs" such as medical care, exercise, food, warmth, clothing, shelter, or safety. Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399, 69 L. Ed. 2d 59 (1981); *see also* Hamm v. DeKalb County, 774 F.2d 1567, 1571–72 (11th Cir. 1985). Furthermore, "conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Id.*

The Supreme Court has developed a two-part analysis governing Eighth Amendment challenges to prison conditions. Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004).

> First, under the "objective component," a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment. Hudson v.

> McMillian, 503 U.S. 1, 8, 112 S. Ct. 995, 999, 117 L. Ed. 2d 156 (1992). The challenged condition must be "extreme." *Id.* at 9, 112 S. Ct. at 1000. While an inmate "need not await a tragic event" before seeking relief, Helling v. McKinney, 509 U.S. 25, 33, 113 S. Ct. 2475, 2481, 125 L. Ed. 2d 22 (1993), he must at the very least show that a condition of his confinement "pose[s] an unreasonable risk of serious damage to his future health" or safety, *id.* at 35, 113 S. Ct. at 2481. Moreover, the Eighth Amendment requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to [the challenged condition of confinement]. It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate. *Id.* at 36, 113 S. Ct. at 2482. The Eighth Amendment thus guarantees that prisoners will not be "deprive[d] . . . of the minimal civilized measure of life's necessities." Rhodes, 452 U.S. at 347, 101 S. Ct. at 2399.

Chandler, 379 F.3d at 1289–90.

The second part of the two-part analysis is the "subjective component:"

> [T]he prisoner must show that the defendant prison officials "acted with a sufficiently culpable state of mind" with regard to the condition at issue. Hudson, 503 U.S. at 8, 112 S. Ct. at 999 (marks and citation omitted). The proper standard is that of deliberate indifference. Wilson v. Seiter, 501 U.S. 294, 303, 111 S. Ct. 2321, 2327, 115 L. Ed. 2d 271 (1991). Negligence does not suffice to satisfy this standard, *id.* at 305, 111 S. Ct. at 2328, but a prisoner need not show that the prison official acted with "the very purpose of causing harm or with knowledge that harm [would] result," Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978, 128 L. Ed. 2d 811 (1994). In defining the deliberate indifference standard, the Farmer Court stated: [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* at 837, 114 S. Ct. at 1979. Furthermore, the official may escape liability for known risks "if [he] responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844, 114 S. Ct. at 1982–83.

Chandler, 379 F.3d at 1289–90.

Individuals do not have a constitutional right (1) to be free from a government employee's negligence, even if it causes an injury or (2) to have the government protect them from such an injury. *See* Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986). To amount

to a violation of the Constitution, the official's actions must be deliberate or reckless in the criminal sense.  *See* Whitley v. Albers, 475 U.S. 312, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986).

Courts have regularly held that slip and fall accidents do not give rise to federal causes of action.  *See, e.g.*, Reynolds v. Powell, 370 F.3d 1028, 1031 (10th Cir. 2004) (slippery condition arising from standing water in prison shower was not a condition posing a substantial risk of serious harm as required under the Eighth Amendment, even where inmate was on crutches and had warned prison employees that he was at heightened risk of falling); Marsh v. Jones, 53 F.3d 707, 711–12 (5th Cir. 1995) (inmate's claim for monetary damages resulting from defendants' failure to warn that a leaking or sweating air conditioning unit made the floor wet was "a garden-variety negligence claim that was not actionable under § 1983"); Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996) ("an inch or two" of accumulated water in the shower not "an excessive risk to inmate health or safety"); LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment."); Bacon v. Carroll, 232 Fed. Appx. 158, 160 (3d Cir. Apr. 30, 2007) (prisoner's assertion that prison officials failed to warn him of wet floor stated claim of mere negligence and not constitutional violation); Bell v. Ward, 88 Fed. Appx. 125, 127 (7th Cir. Feb. 6, 2004) (accumulation of water on the floor due to prison officials' oversight shows, at most, that jail officials were negligent); Beasley v. Anderson, 67 Fed. Appx. 242 (5th Cir. 2003) (prisoner's claim that he slipped and fell on slippery shower floor sounded in negligence and was insufficient to allege a constitutional violation); Lefall v. Johnson, 48 Fed. Appx. 104 (5th Cir. 2002) (prisoner's claim that he suffered a back injury after slipping and falling on a wet floor caused by persistent plumbing leaks of which defendants were aware was, at most, a claim of negligence which is not actionable under § 1983); Curry v. Federal Bureau of Prisons, No. 05-CV-2781 (PJS/JSM), 2007 WL 2580558, at *8 (D. Minn. Sept. 5, 2007) (denial of safety boots to prisoner exposed to wet floors did not amount to Eighth Amendment violation); Davis v. Dallas County, No. 3:06-cv-1074-K, 2006 WL 3019244, at *3 (N.D. Tex. Oct. 23, 2006) (plaintiff's allegations that he slipped and fell on floor that was wet and in ill repair, and that there should have been signs, ropes, or cones to warn him of the dangerous condition, failed to state Eighth Amendment claim where plaintiff did not contend that prison officials were aware that floor was wet and in ill repair and disregarded that fact despite realizing that the conditions created risk of serious harm); Fields v.

Jefferson County Downtown Jail, No. 1:03cv560, 2006 WL 1787964, at *2 (E.D. Tex. June 26, 2006) (where prisoner did not allege that defendants were aware of rain puddle on floor on which he slipped and was injured, allegations did not rise to level of deliberate indifference and stated no more than a claim of negligence); Quine v. Livingston, No. Civ. A., H-06-1426, 2006 WL 1662920, at *1–2 (S.D. Tex. June 12, 2006) (inmate's slip and fall claim premised on failure to place "wet floor" signs around ice machine to warn of dangerous conditions constituted a "garden-variety" negligence claim that did not present issue of constitutional dimension); Mallard v. Roberts, No. 1:05-cv-2-WLS, 2006 WL 1431570, at *4 (M.D. Ga. May 19, 2006) (dismissing slip and fall claim as frivolous where Plaintiff alleged no actions on the part of defendants which could be construed as deliberately causing him to slip on wet floor; plaintiff's allegations, at most, stated negligence claims and, therefore, were not cognizable under § 1983); Sylla v. City of New York, No. 04-cv-5692 (ILG), 2005 WL 3336460, at *3 (E.D.N.Y. Dec. 08, 2005) (finding that an instruction by prison officials to inmates to use a bathroom that is wet, or even flooded, "does not inherently constitute an excessively serious risk to substantiate an Eighth Amendment violation. . . ."); Eley v. Kearney, No. Civ. 02-362-SLR, 2005 WL 1026718, at *5 (D. Del. April 25, 2005) ("Plaintiff has not established that the alleged deprivation, an accumulation of water at the top of a flight of stairs, constitutes an "objectively, sufficiently serious" deprivation.  The court concludes that, to the extent an accumulated slippery substance can be classified as a deprivation, it is better classified as inadvertent or negligent rather than obdurate or wanton."); Davis v. Reilly, 324 F. Supp. 2d 361, 367 (E.D.N.Y. 2004) (holding failure to provide shower mats does not rise to level of constitutional violation); Hill v. Central Reception Assignment Facility, No. Civ. 05-3860 AET, 2005 WL 2491517, at *3 (D.N.J. Oct. 6, 2005) (holding "water problem" leading to slip and fall cannot satisfy objective risk requirement); Denz v. Clearfield Co., 712 F. Supp. 65, 66 (W.D. Pa. 1989) (finding no Eighth Amendment violation based on slippery floor in prison cell); Mitchell v. West Virginia, 554 F. Supp. 1215, 1216–17 (N.D. W.Va. 1983) (finding no Eighth Amendment violation based on slippery floor in prison dining hall); Robinson v. Cuyler, 511 F. Supp. 161, 162, 163 (E.D. Pa. 1981) (finding no Eighth Amendment violation based on slippery floor in prison kitchen); Snyder v. Blankenship, 473 F. Supp. 1208, 1212–13 (W.D. Va. 1979) (personal injury resulting from a failure to repair a leaking dishwasher did not violate the Eighth Amendment as a matter of law because

slip-and-fall injury is not comparable to a "prison-related" injury), *aff'd*, 618 F.2d 104 (4th Cir.1980), *cert. denied* 446 U.S. 942 (1980); Tunstall v. Rowe, 478 F. Supp. 87, 88, 89 (N.D. Ill. 1979) (finding no Eighth Amendment violation based on greasy prison stairway).

In the instant case, Plaintiff has not alleged facts from which one could infer a plausible claim that the wet bathroom floor posed an objectively excessive risk to his safety; nor do his allegations reflect the deliberate indifference required to impose liability under the Eighth Amendment. Because Plaintiff's claim amounts only to negligence, it is not actionable under § 1983 and, therefore, should be dismissed.

Accordingly, it is respectfully **RECOMMENDED**:

1. That this action be **DISMISSED with prejudice** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 23rd day of January 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.: 5:07cv279/RS/EMT